UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :

              - v -                            :     **MEMORANDUM DECISION**

ANGEL TEJEDA,                        :     11 Cr. 01015-01 (DC)

             Defendant.             :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

APPEARANCES:     ANGEL TEJEDA
                 Defendant *Pro Se*
                 Register No. 92032054
                 FCI Yazoo City Low
                 Federal Correctional Institution
                 P.O. Box 5000
                 Yazoo City, Mississippi 39194

CHIN, Circuit Judge:

       On May 14, 2014, defendant Angel Tejeda pleaded guilty to conspiring to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 and to using, carrying, and brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Dkt. Entry of May 14, 2014; Presentence Investigation Report dated September 11, 2014 (the "PSR"). On July 21, 2015, I sentenced him to a total term of imprisonment of 324 months, consisting of 240 months' imprisonment for the conspiracy to commit Hobbs Act robbery conviction and a mandatory consecutive minimum of 84 months' imprisonment for the 924(c) conviction. Dkt. Entry of July 21,

2015. On September 16, 2020, I denied his motion for compassionate release. Dkt. No. 179.

By mandate issued on January 6, 2021, the U.S. Court of Appeals for the Second Circuit vacated Tejeda's 924(c) conviction predicated on Hobbs Act robbery conspiracy because of *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), and remanded for resentencing. Dkt. No. 184. Accordingly, on February 23, 2021, I resentenced Tejeda to 240 months' imprisonment on the remaining conviction for conspiracy to commit Hobbs Act robbery. Dkt. No. 190 at 10.

By letter dated April 3, 2024, Tejeda, proceeding *pro se*, filed the instant motion to reduce his sentence pursuant to Amendment 821 of the Sentencing Guidelines, requesting a two-point reduction. Dkt. No. 193. Specifically, Tejeda urged this Court to "consider" him for a reduced sentence, noted that "[t]here is confusion whether the removal of the [924(c) conviction] now makes me eligible for this new law," and requested appointment of counsel. *Id.* I construe the motion as one made under 18 U.S.C. § 3582(c)(2). For the reasons set out below, the motion is DENIED.

Under 18 U.S.C. § 3582(c)(2), "a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive." *United States v. Elendu*, No. 20-cr-179-14 (DLC), 2024 WL 458643, at *2 (S.D.N.Y. Feb. 6, 2024) (citing *United States v. Martin*, 974

2

F.3d 124, 136, 139 (2d Cir. 2020)). To do so, the court must first "'determine the amended guideline range that would have been applicable to the defendant' if [the amendment] 'had been in effect at the time the defendant was sentenced.'" *United States v. Zapatero*, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1), (d)). If the defendant is eligible for a sentence reduction, "'a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,' which are contained in U.S.S.G. § 1B1.10." *Elendu*, 2024 WL 458643, at *2 (quoting *Martin*, 974 F.3d at 136). Section 1B1.10(a)(2) provides, however, that a sentence reduction "is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [n]one of the amendments listed in subsection (d) [including Amendment 821] is applicable to the defendant." U.S.S.G. § 1B1.10(a)(2)(A).

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively. *See* U.S.S.G. § 1B1.10(d); *United States v. Baez*, No. 19-cr-463 (DLC), 2024 WL 1250583, at *1 (S.D.N.Y. Mar. 22, 2024). As applicable here, Part B of Amendment 821 provides a decrease of two offense levels for zero-point offenders (offenders who have no criminal history points) and whose offense did not involve specific aggravating factors. U.S.S.G. § 4C1.1.[1] One such aggravating

---

[1] Part A of Amendment 821 addresses "status points," which refer to two additional criminal history points added to an offender's sentence if the offender committed the instant federal offense while still serving a sentence in another case. *United States v. Ewing*, No. S6-14-

3

factor that precludes relief is met when the offense resulted "in death or serious bodily injury." *See id.* § 4C1.1(a)(4).

At sentencing in this case, I accepted Probation's determination that Tejeda had zero criminal history points, resulting in a Criminal History Category of I, and a total offense level of 41. PSR ¶ 7; Dkt. No. 132 at 4 (criminal history and total offense level). Accordingly, the guideline range for the Hobbs Act robbery conspiracy conviction, after accounting for the statutory maximum, was 240 months. Dkt. No. 132 at 5. I sentenced Tejeda to 240 months' imprisonment on his Hobbs Act robbery conspiracy conviction and adhered to that sentence at his resentencing. Dkt. No. 132 at 11 (July 21, 2015 sentencing); Dkt. No. 190 at 10 (February 23, 2021 resentencing).

Turning to the instant motion, while Tejeda has zero criminal history points, Part B of Amendment 821 does not apply because at least one aggravating factor is present: death resulted from the conspiracy to commit Hobbs Act robbery. PSR ¶¶ 7, 18-19 (victim of robbery was beaten and became unresponsive, and died the next morning); Dkt. No. 190 at 10 (explaining, during resentencing, the seriousness of the

---

cr-604-1 (VB), 2024 WL 1250685, at *1 (S.D.N.Y. Mar. 21, 2024). It decreases status points by one point for offenders with seven or more criminal history points and eliminates them altogether for offenders with six or fewer criminal history points. U.S.S.G. § 4A1.1(e). Because Tejeda had zero criminal history points at the time of sentencing, Part A does not apply. *See* U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254, 28,272 (effective Nov. 1, 2023) (defining "status points" as "the *additional criminal history points* given to offenders for the fact of having committed the instant offense while under a criminal justice sentence." (emphasis added)).

4

offense that led to the "death of a young man who was the father of two"); U.S.S.G. § 4C1.1(a)(4) (requiring that "the offense did not result in death or serious bodily injury" for any decrease in the offense level). Tejeda is therefore ineligible for a sentence reduction. *See Ewing*, 2024 WL 1250685, at *1; U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254, 28,274 (effective Nov. 1, 2023) ("While determining that a reduction is appropriate for some offenders with zero criminal history points, the Commission also identified circumstances in which zero-point offenders are appropriately *excluded from eligibility in light of* the seriousness of the instant offense of conviction or *the existence of aggravating factors in the instant offense*." (emphases added)). Moreover, because Tejeda is ineligible for a sentence reduction, this Court need not analyze the factors set forth in section 3553(a). *See United States v. Beltre*, No. 3:16-cr-42-1 (VDO), 2024 WL 1424557, at *2 (D. Conn. Apr. 3, 2024).

## CONCLUSION

For the reasons set forth above, Tejeda's motion is DENIED. His request for counsel is accordingly DENIED as moot. The Clerk of the Court is respectfully directed to mail a copy of this memorandum decision to Tejeda at the above address.

SO ORDERED.

Dated:   New York, New York
         April 18, 2024

DENNY CHIN
United States Circuit Judge
Sitting by Designation

5